(C.D. 3228)

C. M. IMPORT & EXPORT CO. ET AL. *v.* UNITED STATES

United States Customs Court, First Division

(Decided December 14, 1967)

*Barnes, Richardson & Colburn* for the plaintiffs.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before WATSON and BECKWORTH, Judges

BECKWORTH, Judge: The merchandise involved in these cases consists of containers for radios or transceivers imported from Japan and entered at the port of San Francisco in 1963 and 1964. The radios and transceivers were assessed with duty at 12½ per centum ad valorem under item 685.22 of the Tariff Schedules of the United States, and the cases at 20 per centum ad valorem under item 791.65 or 706.08 of the tariff schedules. It is claimed that the cases are dutiable at the same rate as the radios or transceivers.

These cases have been submitted on a stipulation of counsel for the respective parties reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States, subject to the approval of the Court, as follows:

1. That the articles marked "A" and initialled EFW (Import Specialist's Initials) by Edward F. Winsor (Import Specialist's Name) covered by the entries and protests enumerated on Schedule "A" attached hereto and made a part hereof, and assessed with duty at the rates of 20% under Item 791.65 or 20% under Item 706.08, consist of cases which are containers of usual types ordinarily sold at retail with the radios or transceivers with which they are imported.

2. That the protests were filed against the entries under Sec. 514 of the Tariff Act of 1930, within 60 days after the date of liquidation thereof, and that said protests are now pending before this Court.

3. That within 120 days after the date of enactment of Public Law 89–241, 89th Congress, approved October 7, 1965, a request was filed with the Collector of Customs at the port of entry for reliquidation and classification of said merchandise under Item 685.22 at the rate of 12.5%, by virtue of Sec. 4 of said Public Law.

IT IS FURTHER STIPULATED AND AGREED that the protests enumerated on Schedule "A" attached hereto and made a part hereof be submitted on this stipulation, the same being limited to the merchandise assessed under said Items 791.65 or 706.08.

In view of this stipulation which is accepted as an agreed statement of fact, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the import specialist on the invoices accompanying the entries covered by the protests enumerated in schedule "A," attached hereto and made a part hereof, is subject to duty in accordance with section 4, Tariff Schedules Technical Amendments Act of 1965, at 12½ per centum ad valorem under item 685.22 of the Tariff Schedules of the United States as containers of usual types ordinarily sold at retail with their contents.

The protests are sustained and judgment will be entered for the plaintiffs.